**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4777**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

NANCI BROOK BYRD,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:15-cr-00053-CCE-13)

Submitted:  September 20, 2016        Decided:  October 28, 2016

Before WYNN and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North Carolina, for Appellant.  Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nanci Brook Byrd pled guilty, pursuant to a written plea agreement, to conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Byrd to 40 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Byrd's counsel has filed a brief certifying that there are no meritorious grounds for appeal but generally questioning the adequacy of the plea hearing and the reasonableness of the sentence. Although notified of her right to do so, Byrd has failed to file a pro se brief. We affirm the district court's judgment.

Because Byrd did not move to withdraw her guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines she understands, the rights she is relinquishing by pleading guilty, the charge to which she is pleading, and the maximum and mandatory minimum penalties she faces. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and

2

"that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Our review of the record confirms that the district court fully complied with Rule 11.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record leads us to conclude that Byrd's sentence is procedurally sound. While Byrd requested a probationary sentence, her arguments in support of that request fail to overcome the presumption of reasonableness accorded her

3

40-month sentence.  We therefore conclude that her sentence is substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Byrd, in writing, of the right to petition the Supreme Court of the United States for further review.  If Byrd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Byrd.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED